# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

J.C. BRYANT,                                          )
                                                     )
          Plaintiff,                          )
                                                     )
     v.                                       )          No. 4:22-CV-660 HEA
                                                     )
M.D.O.C., et al.,                                    )
                                                     )
          Defendants.                         )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's second motion for appointment of counsel. ECF No. 5. The motion will be denied without prejudice.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. On June 29, 2022, the Court reviewed plaintiff's complaint pursuant to

28 U.S.C. § 1915(e), granted him *in forma pauperis* status, and directed him to file an amended complaint for the purpose of curing his pleading deficiencies. ECF No. 4. The Court provided plaintiff with detailed instructions for filing an amended complaint. *Id.* at 4-7. Thus, plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for appointment of counsel [ECF No. 5] is **DENIED** without prejudice.

Dated this 7th   day of   July, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE